# Exhibit 1

| | |
|---|---|
| SEAN D. REYES (USB #7969)<br>Utah Attorney General<br>STANFORD E. PURSER (USB #13440)<br>Utah Solicitor General<br>KATHY A.F. DAVIS (USB #4022)<br>Assistant Attorney General<br>JASON DEFOREST (USB #14628)<br>Assistant Attorney General<br>1594 West North Temple<br>Suite 300, Salt Lake City, UT 84114<br>(801) 538-9600<br>spurser@agutah.gov<br>kathydavis@agutah.gov<br>jdeforest@agutah.gov<br>*Attorneys for Plaintiff State of Utah*<br><br>TYLER R. GREEN (USB #10660)<br>CONSOVOY MCCARTHY PLLC<br>222 S. Main Street, 5th Floor<br>Salt Lake City, UT 84101<br>(703) 243-9423<br>tyler@consovoymccarthy.com<br>*Attorney for Plaintiff State of Utah* | D. DAVID DEWALD*<br>Deputy Attorney General<br>Office of the Attorney General of Wyoming<br>109 State Capitol<br>Cheyenne, WY 82002<br>(307) 777-7895<br>david.dewald@wyo.gov<br>*Attorney for Plaintiff State of Wyoming*<br><br>DANIEL SHAPIRO*<br>KATHLEEN S. LANE*<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Suite 700<br>Arlington, VA 22209<br>(703) 243-9423<br>daniel@consovoymccarthy.com<br>katie@consovoymccarthy.com<br>*Attorneys for Plaintiff State of Utah*<br><br>*\*Application for admission pro hac vice forthcoming* |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STATE OF UTAH,<br>STATE OF WYOMING,<br><br>                    *Plaintiffs*,<br><br>  v.<br><br>DEB HAALAND, in her official capacity as the Secretary of the U.S. Department of the Interior; U.S. DEPARTMENT OF THE INTERIOR; TRACY STONE-MANNING, in her official capacity as the Director of the Bureau of Land Management; and U.S. BUREAU OF LAND MANAGEMENT,<br><br>                    *Defendants*. | **DECLARATION OF<br>JUSTIN "J" SHIRLEY** |

I, Justin "J" Shirley, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    I am over eighteen (18) years of age and have served as Director of the Utah

**DECLARATION OF J SHIRLEY – 1**

Division of Wildlife Resources ("DWR") since 2021. I have personal knowledge of the facts and statements set forth in this declaration, which is made in response to the Bureau of Land Management's ("BLM") Conservation & Landscape Health Rule ("Public Lands Rule") and its impact on DWR and associated programs. This declaration is made to provide an overview of the costs associated with DWR's application, maintenance, and ongoing monitoring of restoration and mitigation leases issued under BLM's Public Lands Rule.

2. I am currently serving as Director of DWR, and I have held this position for three years. In this position I oversee the management of Utah's fish and wildlife.

3. I have been employed by DWR for a total of 22 years. Prior to being named Director, I held various law enforcement positions at DWR, including conservation officer; sergeant; southeastern region lieutenant; captain; and law enforcement section chief.

4. I hold bachelor's and master's degrees in wildlife and range resources from Brigham Young University. With this educational background and the positions I have held at DWR, I have been trained in and performed a wide array of wildlife management activities for the State of Utah.

5. The BLM's Public Lands Rule takes effect on June 10, 2024.

6. The Public Lands Rule authorizes BLM to issue "restoration and mitigation leases" on BLM-administered public land to any qualified individual; business; non-governmental organization; Tribal government; or state wildlife agency or conservation district.

7. Under the Public Lands Rule, these leases may be issued by the BLM for the stated purpose of advancing ecosystem resilience through protecting, managing, or restoring natural environments, cultural or historic resources, and ecological communities, including species and their habitats.

**DECLARATION OF J SHIRLEY – 2**

Case 2:24-cv-00438-DAO   Document 1-2   Filed 06/18/24   PageID.40   Page 4 of 7

8. Under the Public Lands Rule, once the BLM has issued a restoration and/or mitigation lease, it is my understanding that the BLM cannot authorize any other uses on the lease lands that are inconsistent with the use authorized by the lease.

9. The exclusion of other uses on leased lands creates increased environmental risks that injure the State's interests in leased federal lands within the State's boundaries, as well as adjacent State lands.

10. Specifically, the Public Lands Rule allows BLM to hand control over the leased lands to individuals and entities that may refuse to coordinate with DWR regarding management of water supply, wildfire risk, and invasive plant and animal species. A lack of coordination will pose environmental harms across the entire State by impairing DWR's ability to manage these risks.

11. The Public Lands Rule will result in increased workload and resource allocation for DWR. The State has an expressed interest in holding every available restoration and mitigation lease and DWR, as one of two state agencies allowed to hold said leases, intends to collaborate with the Utah Department of Agriculture and Food ("UDAF") and its conservation districts to apply for every restoration and mitigation lease that becomes available under the Public Lands Rule. This initiative has significantly increased the workload on our staff and necessitated the use of additional resources within DWR to prepare for these applications. There are both one-time and recurring costs incurred by DWR as a direct result of the Public Lands Rule.

12. **Projected Recurring Costs.** DWR will need to retain a Habitat Biologist to review leases, to provide federal agencies with lease recommendations for leases not leased to DWR, and to implement restoration efforts for DWR leases. The estimated cost is $120,000 per year (1 Full-Time Equivalent (FTE), Wildlife Biologist III).

**DECLARATION OF J SHIRLEY – 3**

13. DWR will also require a Lands and Realty Biologist to develop lease recommendations, review and develop contracts, and track status. The estimated cost is $120,000 per year (1 Full-Time Equivalent (FTE), Wildlife Biologist III).

14. DWR will also require a Range Trend Biologist to monitor restoration lease efforts. The estimated cost is $120,000 per year (1 Full-Time Equivalent (FTE), Wildlife Biologist III).

15. DWR will also require a Grant Writer to develop and seek outside funding for leases. The estimated cost is $60,000 per year (0.5 Full-Time Equivalent (FTE), Wildlife Biologist III).

16. DWR will also require administrative personnel to track contracts and financial agreements. The estimated cost is $15,000 per year (0.25 Full-Time Equivalent (FTE)).

17. DWR will also require an Assistant Attorney General (legal counsel) to review contracts associated with leases. The estimated cost is $40,000 per year (0.25 Full-Time Equivalent (FTE)).

18. DWR will also require an Annual Operating Budget increase of $2,000,000 to fund new and/or annual lease payments. These funds may be sourced from the Utah Legislature, external funding via grant writer, or a combination thereof.

19. DWR will also require funding for database hosting and maintenance for managing lease data. The estimated cost is $50,000 per year.

20. DWR may also require funding for hunter access: if hunting is limited on a lease by another entity, DWR may need to purchase hunter access, similar to arrangements made with the School and Institutional Trust Lands Administration ("SITLA") for hunting on Trust Lands. Should this be the case, the estimated cost would be $2,000,000 per year.

**DECLARATION OF J SHIRLEY – 4**

21.     DWR receives certain funding from the federal government as part of an excise on firearms, ammunition, and archery equipment; this funding is referred to as Pittman-Robertson allocations. If hunter access is lost and cannot be leased, there would be a loss in license and/or permit income, potentially affecting these Pittman-Robertson allocations. These impacts cannot be quantified at this time.

22.     **Projected One-Time Costs.** In response to the Public Lands Rule, DWR will be developing and enhancing a database for lease tracking, contracts, and monitoring. The estimated cost of developing the database is $450,000.

23.     DWR will also have to develop policy and guidelines for leasing under the Public Lands Rule; assuming this is done by committee, the estimated cost is $60,000 over six months.

24.     The budget for DWR's Lands Program is $12,000,000 annually. The projected one-time and recurring costs associated with the Public Lands Rule total $5,035,000 – nearly half of the total annual Lands Program budget.

25.     Based on the above projections and background information, DWR will incur significant costs secondary to the implementation of BLM's Public Lands Rule. Adequate funding and resource allocation will be critical for effectively managing and executing these restoration and mitigation leases.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed in Salt Lake City on June 11, 2024.

/s/ _J Shirley____
J Shirley
Director

**DECLARATION OF J SHIRLEY – 5**

Division of Wildlife Resources
State of Utah

**DECLARATION OF J SHIRLEY – 6**