Stephen H.M. Bloch (# 7813)
Michelle White (# 16985)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, Utah 84111
Telephone: (801) 486-3161
steve@suwa.org
michellew@suwa.org

Attorneys for Proposed Defendant-Intervenors
Southern Utah Wilderness Alliance and The Wilderness Society

Todd C. Tucci (Idaho Bar # 6526) (admitted *pro hac vice*)
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, Idaho 83702
Telephone: (208) 724-2142
ttucci@advocateswest.oerg

Attorney for Proposed Defendant-Intervenor Conservation Lands Foundation

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, *et al.*, | |
| Plaintiffs, | |
| | Case No. 2:24-cv-00438-DBB-DAO |
| v. | |
| DEB HAALAND, in her official capacity as the Secretary of the U.S. Department of the Interior *et al.*, | **REPLY IN SUPPORT OF MOTION TO INTERVENE** |
| Defendants, | |
| and, | Judge David Barlow |
| | Magistrate Judge Daphne Oberg |
| SOUTHERN UTAH WILDERNESS ALLIANCE, CONSERVATION LANDS FOUNDATION, and THE WILDERNESS SOCIETY, | |
| Proposed Defendant-Intervenors. | |

The Southern Utah Wilderness Alliance, Conservation Lands Foundation, and The Wilderness Society (collectively, "SUWA Groups") respectfully submit this Reply in Support of their Motion to Intervene as of right in this matter.

## INTRODUCTION

The SUWA Groups' Motion presents a straightforward application of longstanding Tenth Circuit precedent. As Plaintiffs acknowledge, the Tenth Circuit follows a "flexible" standard for intervention, which allows intervention "liberal[ly].[1] Indeed, the Tenth Circuit has repeatedly confirmed that when litigation raises an issue of significant public interest, "the requirements for intervention may be relaxed,"[2] and "[f]ederal courts should allow intervention where no one would be hurt and greater justice could be attained."[3]

Plaintiffs concede that the SUWA Groups' Motion is timely, and that the SUWA Groups "have a significant interest in the BLM-managed public lands that will benefit from the Public Lands Rule's conservation framework"[4] and thus have a legally protectable interest.[5] Therefore only two factors for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) remain at issue: (I) whether the SUWA Groups' interests may be impaired by the States' litigation (they will), and (II) whether the United States may not adequately represent the SUWA Groups' interests (it may not).

---

[1] *See* Mem. in Opp'n to SUWA Groups' Mot. to Intervene (Pls.' Opp'n) at 4, ECF No. 41; *see also Nat'l Farm Lines v. Interstate Com. Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977) (citation omitted); *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (citation omitted).
[2] *San Juan Cnty. v. United States*, 503 F.3d 1163, 1201 (10th Cir. 2007) (en banc).
[3] *Utah Ass'n of Cntys v. Clinton* (*UAC*), 255 F.3d 1246, 1250 (10th Cir. 2001) (internal quotation marks and citation omitted).
[4] SUWA Groups' Motion to Intervene (Mot. to Intervene) at 3, ECF No. 28.
[5] *See* Pls.' Opp'n at 4-10 (arguing only that SUWA Groups' interests are not impaired and that they are adequately represented).

Because the SUWA Groups satisfy the Tenth Circuit's test for intervention as of right and Plaintiffs' opposition hinges on cramped application of Tenth Circuit precedent, the SUWA Groups' motion should be granted.

## ARGUMENT

I. **Plaintiffs' Lawsuit *May Impair* the SUWA Groups' Ability to Protect their Environmental Interests.**

The SUWA Groups satisfy Rule 24(a)(2)'s impairment prong, which simply requires a showing that the litigation "may as a practical matter impair or impede the movant's interest."[6] Plaintiffs' acknowledge that this is a "minimal burden" and requires the movants to show "only that impairment . . . is *possible* if intervention is denied."[7]

The SUWA Groups easily meet this minimal burden, because a decision by the Court to vacate, enjoin, set aside, or modify the Public Lands Rule would harm their ability to advocate for the conservation and protection of public lands subject to the Rule.[8] Indeed, the SUWA Groups have listed in detail how enjoining, vacating or remanding the Public Lands Rule will harm their interests in protecting the public lands subject to the rule, including by (1) abandoning requirements that the BLM maintain an inventory of landscape intactness and incorporate that value into upcoming planning and management decisions; (2) eliminating the fundamentals of land health—*i.e.*, the ecological benchmarks for measuring the conditions of public lands, watersheds, wildlife habitat and water quality—leaving BLM unaware of the current conditions of public lands and waters, and eliminating the basis for increasing

---

[6] Fed. R. Civ. P. 24(a)(2); *see also* Mot. to Intervene at 4-6 (discussing Tenth Circuit's impairment standard).

[7] Pls.' Opp'n at 5 (quoting *UAC*, 255 F.3d at 1253) (emphasis added).

[8] *UAC*, 255 F.3d at 1253 n.5 (invalidation of monument proclamation sufficiently impairs potential intervenors' ability to protect public lands subject to the proclamation).

protections for these vital areas; and (3) reversing BLM's ability to prioritize the designation and protection of areas of critical environmental concern (ACECs) to protect their significant values.[9]

Instead of wrestling with this precedent and the facts here, Plaintiffs err in arguing that a ruling in Plaintiffs favor "does not necessarily eliminate" these conservation tools.[10] But, the Tenth Circuit has repeatedly rejected this standard of certainty for intervention, and held instead that a proposed intervenor must only show that impairment is "possible" if intervention is denied.[11]

Through the detailed declarations of Ray Bloxham, Charlotte Overby, Rob Mason, and Andy Blair, the SUWA Groups have amply demonstrated their interests *may be* impaired or impeded by Plaintiffs' lawsuit,[12] and thus they meet this factor of the intervention as of right test.

## II.    The SUWA Groups' Interests *May Not* Be Adequately Represented.

The SUWA Groups have equally demonstrated that their interests may not be adequately represented by the existing parties.[13] This burden is "minimal," and the possibility of divergence of interests need not be great. The Tenth Circuit has recognized that when the existing defendant is the government, this showing is "easily made," because "the public

---

[9] *See* Mot. to Intervene at 4-6.

[10] Pls.' Opp'n at 5-6.

[11] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010)); *see also Zinke*, 877 F.3d at 1167 (noting that test regarding potential impairment of interest "is met in environmental cases where the district court's decision would require the federal agency to engage in an additional round of administrative planning and decision-making.").

[12] *See* Decl. of Ray Bloxham ¶¶ 13(c), 18, ECF No. 28-1; Decl. of Charlotte Overby ¶¶ 26-34, ECF No. 28-2; Decl. of Rob Mason ¶¶ 10, 12-13, 16, 17, 20, ECF No. 28-3; Decl. of Andy Blair ¶¶ 11, 17-18, ECF No. 28-4.

[13] *See, e .g., Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *Nat. Res. Def. Council v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978).

interest the government is obligated to represent may differ from the would-be intervenor's particular interest."[14] Here, the Federal Defendants do not and cannot adequately represent the SUWA Groups' interests, which are necessarily more focused than the government's general obligation to the public.

The SUWA Groups have demonstrated that they are focused exclusively on the conservation of public lands, that they have worked tirelessly towards this goal to the exclusion of other competing interests, and that their conservation focus often put them at odds with the BLM.[15] In the context of the Public Lands Rule, the SUWA Groups proposed several conservation-focused changes, including strengthening protection of Areas of Critical Environmental Protection and strengthening the definition of unnecessary or undue degradation; proposals that the BLM did not adopt.[16]

Plaintiffs seek to sidestep this divergence of interests by focusing instead on the particular "relief" sought by the SUWA Groups in opposing the litigation. More specifically, Plaintiffs err in arguing that Federal Defendants and the SUWA Groups must have identical interests because they are seeking the same relief – *i.e.*, an order "preserving the rule, as drafted."[17] But Tenth Circuit caselaw forecloses this approach.[18]

To be sure, preserving the Public Lands Rule as promulgated through affirmance describes the *relief* SUWA and the United States seek. But asserting that the parties seek the

---

[14] *UAC*, 255 F.3d at 1254 (citation omitted); *Kane Cnty. v. United States*, 928 F.3d 877, 892 (10th Cir. 2019).
[15] Mot. to Intervene, at 6-7 (citing Decls. of Bloxham, Overby and Mason).
[16] *See id.* at 7.
[17] Pls.' Opp'n at 6-7.
[18] *See, e.g.*, *Kane Cnty. v. United States* ("*Kane Cnty. 2024*"), 94 F.4th 1017,1032 (10th Cir. 2024) ("the pertinent inquiry is not whether SUWA and the United States are pursuing the same relief – we accept that they are – but instead whether they have *identical* interests in pursuing that relief."). *See* Mot. to Intervene at 6-7.

same *relief* is not the same as describing the interests that each party have in achieving that relief.[19] The SUWA Groups' objective in upholding BLM's Public Lands Rule is driven by the SUWA Groups' interest in achieving conservation of public lands.[20] The United States may currently share the same ultimate litigation objective of upholding the Rule, but sharing this litigation goal is distinct from maintaining identical interests with the SUWA Groups about *why* they each are working towards that outcome.

For this same reasons, the Court can readily dispatch with Plaintiffs' related arguments asserting a "presumption" of adequate representation. Plaintiffs are correct that when parties have identical interests and objectives in litigation, a presumption of adequate representation may attach. But, as discussed above, the SUWA Groups and the United States do not share identical interests, and thus no such presumption is appropriate.[21]

In fact, even if such a presumption was applicable—which it is not—it is easily overcome here based on the SUWA Groups' and United States' disagreement over the content of the Public Lands Rule.[22] And, contrary to Plaintiffs' argument, there is no *per se* rule in the Tenth Circuit barring intervention in NEPA cases because they present a "binary, procedural determination."[23] Indeed, the Tenth Circuit and this court repeatedly permit intervention in NEPA cases, including in cases—like this one—where the issue is whether a federal agency

---

[19] *Kane Cnty. 2024*, 94 F.4th at 1032 (explaining that even if the United States was advocating "as well as could be expected" for the same relief as SUWA, that did not demonstrate the United States had the same interests as SUWA).

[20] *See* Mot. to Intervene at 6 n.24 (citing Decls. of Bloxham, Overby and Mason).

[21] *Kane Cnty. 2024*, 94 F.4th at 1033-34 ("Because, as in *Kane III*, SUWA's interests are not 'identical' to the United States' interests, we conclude that 'no presumption of adequate representation applies.'") (quoting *Kane Cnty.*, 928 F.3d at 895).

[22] *See UAC*, 255 F.3d at 1255-56; *N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 540 Fed. Appx. 877, 880-81 (D.N.M. 2013) ("On repeated occasions we have recognized that it is impossible for a government agency to protect both the public's interest and the would-be intervenor's private interests.").

[23] *Contra* Pls.' Opp'n at 7.

complied with NEPA's procedural requirements to prepare an adequate environmental review.[24]

Moreover, the United States has institutional interests, such as the efficient administration of its own resources, that the SUWA Groups certainly do not share.[25] The United States is currently facing three other parallel lawsuits against the Public Lands Rule.[26] It is entirely possible that the United States will decide to forego defending the Rule in light of this litigation solely due to institutional concerns, such as efficient use of federal resources or seeking to resolve public misperception on the underlying analysis or impact of the Rule.[27] The possibility of a shift in litigation position is heightened during an election year.[28]

Relatedly, and as demonstrated by the United States' response to Plaintiffs' Motion for a Preliminary Injunction, the federal government has an institutional interest in broadly shielding its agencies from a lawsuit challenging procedural violations of NEPA that the

---

[24] *See, e.g.*, *N.M. Off-Highway Vehicle All.*, 540 Fed. Appx. at 880-881; Mem. Decision and Order, *S. Utah Wilderness All. and The Wilderness Soc'y v. Bureau of Land Mgmt.*, Case No. 2:21-cv-00091 (D. Utah), ECF No. 29 (granting motions to intervene in case raising NEPA claims, concluding BlueRibbon Coalition may not be adequately represented by United States); *cf. UAC*, 255 F.3d at 1254-1256 (discussing adequacy of representation). *UAC* presents a particularly apt analog to the facts here. That case involved a challenge to President Clinton's establishment of the Grand Staircase-Escalante National Monument and whether his decision complied with the Antiquities Act (as well as several other federal environmental laws). The Tenth Circuit easily disposed of the arguments that Southern Utah Wilderness Alliance and other movants were adequately represented by the federal government *even though* the government was faced with what Plaintiffs here call a "binary" choice; either the President complied with the Antiquities Act (or NEPA, if it applied), or he didn't. *See* Pls.' Opp'n at 7-8.
[25] *See Kane Cnty.*, 928 F.3d at 895.
[26] *See* Compl. for Review of Agency Action, *State of North Dakota et al. v. United States Dep't of the Interior*, Case No. 1:24-cv-124 (D.N.D.); Compl. for Review of an Agency Action Under the Administrative Procedure Act, *American Farm Bureau Fed'n et al. v. United States Dep't of the Interior et al.*, Case No. 1:23-cv-136 (D. Wy.); Compl., *State of Alaska v. Haaland et al.*, Case No. 3:24-cv-161 (D. Alaska).
[27] *See Kane Cnty.*, 928 F.3d at 895 ("In addition to the public interest, the United States must consider internal interests, such as the efficient administration of its own litigation resources.").
[28] Mot. to Intervene at 7 n.28 (citing *Zinke* 877 F.3d at 1169; *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1107 (9th Cir. 2002)).

SUWA Groups do not share. For example, the United States argues that Plaintiffs' allegations of a procedural NEPA violation are not sufficient to satisfy Article III standing.[29] Because the SUWA Groups are interested in defending BLM's use of *this particular* categorical exclusion for *this particular* Rule, but not in shielding agencies from procedural NEPA violations in general, this broad-reaching argument is not in the SUWA Groups' interest. Instead, the SUWA Groups' will advocate for a decision that is specifically tailored to this particular use of a categorical exclusion.

Finally, it is important to note that the United States is not asserting that it will adequately represent the SUWA Groups' interests in this litigation, and Tenth Circuit has held this silence to be "deafening" in the intervention analysis, further demonstrating that the government will not adequately represent the SUWA Groups' interests.[30]

The focused interests of the SUWA Groups in this litigation, and the United States' obligation to represent the interests of the general public and its own institutional concerns, means that even though the parties share the same litigation objective, the United States cannot adequately represent the SUWA Groups' interests and any presumption of adequate representation has thus been rebutted.[31]

## CONCLUSION

For the reasons stated above and in the SUWA Groups' Motion and Memorandum in

---

[29] Def.'s Resp. in Opp'n to Pls.' Mot. for Prelim. Inj. at 13-14, ECF No. 40.

[30] *UAC*, 255 F.3d 1256 ("The government has taken no position on the motion to intervene in this case. Its silence on any intent to defend the intervenors' special interests is deafening.") (internal alterations omitted). *Kane Cnty. 2024*, 94 F.4th at 1025 (citing cases).

[31] *See Kane Cnty. 2024*, 94 F.4th at 1030-34; *UAC*, 225 F.3d at 1255 (even when "an applicant for intervention and an existing party have the same ultimate objective in the litigation, [] this presumption [is] rebutted by the fact that the public interest the government is obligated to represent may differ from the would-be intervenor's particular interest." (citing *Coal. of Ariz./N.M. Cntys. v. Dep't of Interior*, 100 F.3d 837, 845 (10th Cir. 1996) (additional citations omitted)).

Support of their Motion to Intervene, the SUWA Groups respectfully requests that the Court grant their Motion to Intervene as of right.

Respectfully Submitted August 14, 2024.

/s/ Stephen Bloch
Stephen Bloch
Michelle White

Attorneys for Proposed Defendant-Intervenor
Southern Utah Wilderness Alliance and The
Wilderness Society

Todd C. Tucci (admitted *pro hac vice*)
Attorney for Proposed Defendant-Intervenor
Conservation Lands Foundation