Stephen H.M. Bloch (# 7813)
Michelle White (# 16985)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, Utah 84111
Telephone: (801) 486-3161
steve@suwa.org
michellew@suwa.org

Attorneys for Proposed Defendant-Intervenors
Southern Utah Wilderness Alliance and The Wilderness Society

Todd C. Tucci (Idaho Bar # 6526) (*pro hac vice*)
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, Idaho 83702
Telephone: (208) 724-2142
ttucci@advocateswest.org

Attorney for Proposed Defendant-Intervenor Conservation Lands Foundation

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| STATE OF UTAH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEB HAALAND, in her official capacity as the Secretary of the U.S. Department of the Interior, *et al.*, <br><br> Defendants, <br><br> and, <br><br> SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*, <br><br> Proposed Defendant-Intervenors. | Case No. 2:24-cv-00438-DBB-DAO <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br> Judge David Barlow <br> Magistrate Judge Daphne Oberg |

Pursuant to DUCivR 7-1(c), The Southern Utah Wilderness Alliance, Conservation Lands Foundation, and The Wilderness Society (collectively, "SUWA Groups") submit this notice of supplemental authority to inform the Court of the Tenth Circuit's recent Order denying rehearing *en banc* in *Kane County v. United States*.[1] The *Kane Cnty IV* en banc denial affirmed the Tenth Circuit's 2024 opinion that the Southern Utah Wilderness Alliance and others had a right to intervene under Fed. R. Civ. P. 24(a) based, in part, on the holding that Federal Defendants may not adequately represent their interests in the litigation.[2]

The SUWA Groups cited the underlying 2024 Tenth Circuit opinion in its Reply in Support of Motion to Intervene, noting " that the United States is not asserting that it will adequately represent the SUWA Groups' interests in this litigation, and Tenth Circuit has held this silence to be 'deafening' in the intervention analysis, further demonstrating that the government will not adequately represent the SUWA Groups' interests."[3] The *Kane IV* en banc denial reconfirms the propriety of this decision, and is relevant supplemental authority.

Moreover, Judge Tymkovich's dissent in the *Kane IV* en banc denial agrees on the propriety of granting intervention as of right in circumstances – like here – where the federal defendants do not affirmatively assert that they will adequately represent proposed intervenors' interests.[4] Judge Tymkovich stated: "we found that the United States inadequately represented an intervenor's interest due to . . . [the United States'] unwillingness to take a position on whether it would support the applicant's interest."[5]

---

[1] No. 22-4087 (10th Cir. Sept. 3, 2024) ("*Kane Cnty IV* en banc denial").
[2] *See id.* at 3-4 (citing *Kane Cnty. v. United States* ("*Kane IV*"), 94 F.4th 1017 (10th Cir. 2024)).
[3] ECF 42 at 7 (citing *Utah Ass'n of Cntys v. Clinton*, 255 F.3d 1246, 1256 (10th Cir. 2001) ("*UAC*"); *Kane IV*, 94 F.4th at 1025).
[4] *Kane Cnty IV* en banc denial at 10-11 (J. Tymkovich, dissenting).
[5] *Id*. (*citing UAC*, 255 F.3d at 1256).

1

The *Kane IV* en banc denial Order is attached hereto as Exhibit 1.

Respectfully submitted this 9th day of September, 2024.

<div style="margin-left: 3em;">

*/s/ Michelle White*
Michelle White
Stephen Bloch

Attorneys for Proposed Defendant-Intervenor Southern Utah Wilderness Alliance and The Wilderness Society

Todd C. Tucci (*pro hac vice*)
Attorney for Proposed Defendant-Intervenor Conservation Lands Foundation

</div>