# Exhibit 1

FILED
United States Court of Appeals
Tenth Circuit

September 3, 2024

Christopher M. Wolpert
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

KANE COUNTY, UTAH, a Utah political subdivision,

    Plaintiff - Appellee,

STATE OF UTAH,

    Intervenor Plaintiff - Appellee,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee,

and

SOUTHERN UTAH WILDERNESS ALLIANCE; SIERRA CLUB; THE WILDERNESS SOCIETY; GRAND CANYON TRUST,

    Intervenor Defendants - Appellants.

No. 22-4087
(D.C. No. 2:10-CV-01073-CW)
(D. Utah)

_____

**ORDER**
_____

Before **HOLMES**, Chief Judge, **HARTZ**, **TYMKOVICH**, **BACHARACH**, **PHILLIPS**, **MORITZ**, **EID**, **CARSON**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.[*]

_____

---

[*] The Honorable Scott M. Matheson and the Honorable Carolyn B. McHugh are recused and did not participate in the consideration of the Petitions.

This matter is before the court on petitions for rehearing en banc filed by the United States; the State of Utah; and Kane County, Utah ("Petitions"). We also have a response from Appellants.

The Petitions and response were circulated to all non-recused judges of the court who are in regular active service. A poll was called and resulted in a tie. Consequently, the Petitions are DENIED. *See* Fed. R. App. P. 35(a) ("[a] majority of the circuit judges who are in regular active service" may order en banc rehearing).

Judges Hartz, Tymkovich, Eid, Carson, and Federico voted to grant the Petitions. Judge Phillips has filed a separate concurrence in the denial of en banc rehearing. Judges Hartz and Tymkovich have each written separately in dissent. Judge Tymkovich's dissent is joined by Judges Kelly, Eid, Carson, and Federico.

Entered for the Court,

CHRISTOPHER M. WOLPERT, Clerk

No. 22-4087, *Kane County, et al. v. United States of America, et al.*

**PHILLIPS**, Circuit Judge, concurring in the denial of rehearing en banc.

This case fails the standard governing en banc consideration. *See* Fed. R. App. P. 35(a)(1) and 10th Cir. R. 35.1(A). Our local rule directs us that "[a] request for en banc consideration is disfavored," and that "[e]n banc review is an extraordinary procedure intended to focus the entire court on an issue of exceptional public importance or on a panel decision that conflicts with a decision of the United States Supreme Court or of this court." 10th Cir. R. 35.1(A).

In 2019, a panel of this court ruled that Southern Utah Wilderness Alliance (SUWA) had the right, pursuant to Federal Rule of Civil Procedure 24(a)(2), to intervene in the ongoing R.S. 2477 litigation in Kane County, Utah. *Kane Cnty. v. United States* (*Kane III*), 928 F.3d 877 (10th Cir. 2019). The United States, Kane County, and the State of Utah sought en banc review of that 2019 intervention decision, which this court denied. *Kane Cnty. v. United States*, 950 F.3d 1323 (10th Cir. 2020) (mem.).[†] Our en banc denial reflected our view that the 2019 decision did not "conflict[] with a decision of the United States Supreme Court or . . . this court," and indicated our belief that the issues presented were not of "exceptional importance" under Rule 35.1(A).

Now, the United States, Kane County, and the State of Utah seek review of a 2024 panel decision involving the same parties raising the same issues and interests—but

---

[†] The United States, Kane County, and the State of Utah unsuccessfully petitioned the United States Supreme Court for a writ of certiorari. *Kane Cnty. v. United States*, 141 S. Ct. 1283 (2021).

3

different alleged rights-of-way—as were at issue in *Kane III*. The panel concluded that SUWA was entitled to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. *See Kane Cnty. v. United States* (*Kane IV*), 94 F.4th 1017 (10th Cir. 2024). In so ruling, the panel merely applied this court's circuit precedent, unanimously agreeing that we were bound by *Kane III* in our disposition of a materially indistinguishable appeal. *See id.* at 1035 (Kelly, J., concurring) ("Based upon [*Kane III*] . . . the district court's denial of SUWA's motion to intervene on the issue of scope is reversible.").

The petitions now before us seeking en banc review of *Kane IV* do not dispute *Kane III*'s binding authority over the *Kane IV* panel. Nor do they challenge the majority opinion's application of that precedent to this case. What's more, petitioners fail to identify any differences between this case and *Kane III* that would render their near-identical arguments—that we previously rejected—deserving of the "disfavored" and "extraordinary procedure" of en banc review. 10th Cir. R. 35.1(A). Instead, in seeking en banc review, the United States, Kane County, and the State of Utah simply wish to reassert their view of perceived flaws in the *Kane III* decision. But what was true when we denied en banc review of the *Kane III* decision is true now: The issues presented in this case do not satisfy the standard governing en banc consideration. And particularly in this case, I take issue with petitioners' attempt to exploit this court's en banc procedure to revive arguments that they lost years ago.

For these reasons, I respectfully submit that the court appropriately denied en banc review in this case.

No. 22-4087, *Kane County, et al. v. United States of America, et al.*

**HARTZ**, Circuit Judge, dissenting from the denial of rehearing en banc.

There is a great deal of litigation in the West regarding rights-of-way over federal land. Every level of government and numerous people and groups are interested in the outcome. Management of the litigation could be quite burdensome if all who wished to intervene were permitted to do so. Even litigation over who is allowed to intervene can, and has been, a severe drain on the courts. The intervention issue is not a simple cut-and-dry matter. Judge Tymkovich's dissent from the denial of rehearing en banc raises strong arguments that deserve the attention of the court. I, for one, would greatly benefit from further exploration by the parties and the court of the legal nuances and pragmatic consequences of intervention in these cases. It is striking to me that, as Judge Tymkovich points out, every level of government—local, state, and federal—opposes intervention in this case. I therefore voted to rehear this matter en banc and dissent from the denial of such rehearing.

No. 22-4087, *Kane County, et al. v. United States of America, et al.*

**TYMKOVICH**, Circuit Judge, joined by **KELLY**, **EID**, **CARSON**, and **FEDERICO**, Circuit Judges, dissenting from the denial of rehearing en banc.

The panel majority concluded that various environmental groups (SUWA) have the right to intervene in a property dispute between the United States and Kane County, Utah, because the United States does not adequately represent their interests. I continue to believe that (1) the intervenors lack a concrete injury, and thus lack standing, and (2) the United States will adequately represent SUWA's interests at trial. To the extent the intervention applicants have something to contribute to this case, they can do so as amici curiae.

This is the rare case where every level of government—federal, state, and local—is aligned. That makes it an exceptional candidate for en banc review, especially when intervention will greatly undermine the administrability of thousands of pending cases. Our denial of en banc review cut off the opportunity for the United States, Utah, and Kane County to explain the downsides of intervention in these cases.

I therefore respectfully dissent from the denial of en banc rehearing.

The Federal Rules of Civil Procedure require courts to permit a party to intervene in a case if he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, *unless existing parties adequately represent that interest*." Fed. R. Civ. P. 24(a)(2) (emphasis added). The parties in this case concede that SUWA has an interest that this proceeding might impair,

"[s]o the only issue in dispute is whether the district court erred in concluding that the United States adequately represents SUWA's interests." *Kane County v. United States ("Kane IV")*, 94 F.4th 1017, 1030 (10th Cir. 2024).

The panel applies the wrong test for determining adequate representation and, contrary to our precedents, did not require the intervention applicants to show that the United States could not adequately represent their interests. The result is a nearly irrebuttable presumption in favor of intervention for cases that "raise significant public interests"—a presumption that will knee-cap the government's ability to litigate civil cases implicating public policy.

To determine whether SUWA's interests are adequately represented, our starting point is the subject of the action. This action addresses title to thousands of historical rights of way across federal land, so-called RS 2477 rights of way. *Kane IV*, 94 F.4th at 1022. Quieting title does not bring any new rights into existence nor require evaluation of the public interest. It requires a historical inquiry into pre-1976 land use to clarify existing property rights. The district court's final determination of title does not change land management or status. The only issue at trial is the length and width of Kane County's easements.

SUWA presents no sufficient reason to doubt that the United States will continue to defend its title, apart from speculation about settlement negotiations between the parties that it would still be powerless to stop unless allowed intervention. The United States, moreover, seeks rights-of-way that are the narrowest possible based on the historical evidence.

7

As the panel opinion notes, we presume adequate representation "[w]hen a would-be intervenor's and the representative party's interests are 'identical.'" *Kane IV*, 94 F.4th at 1030 (citing *Bottoms v. Dresser Industries, Inc.*, 797 F.2d 869, 872 (10th Cir. 1986)). The panel concedes that SUWA seeks the same relief as the United States: restricting Kane County's rights of way to "the narrowest width possible." *Id.* at 1032. But relying on our precedent in *Kane III*, it concludes that the identical litigation objective is insufficient to show adequate representation since the parties have different motivations. *Id.* (citing *Kane County v. United States ("Kane III")*, 928 F.3d 877, 895 (10th Cir. 2019)). It therefore focused its inquiry on whether the United States and SUWA "ha[d] identical interests in pursuing [the same] relief"—in other words, the same ultimate motivation—rather than whether they shared an identical objective. *Id.* This is the wrong question to ask.

In determining whether existing parties adequately represent an intervention applicant's interests, we have always considered the parties' identical litigation objectives as opposed to their ultimate motivations in reaching those objectives. For example, we denied intervention in *City of Stilwell v. Ozarks Rural Electric Cooperative*, reasoning that "[w]hile KAMO's ultimate motivation in this suit may differ from that of Ozarks, its objective is identical." 79 F.3d 1038, 1043 (10th Cir. 1996). We emphasized that representation is adequate "when the objective of the applicant for intervention is identical to that of one of the parties." *Id.* (citing *Bottoms*, 797 F.2d at 872). Later, in *Tri-State Generation & Transmission Ass'n*, we clarified our view that similar "interests" refers to litigation objectives rather than ultimate motivations, reasoning that "even

8

though a party seeking intervention may have different ultimate motivations from the governmental agency, where its objectives are the same, we presume representation is adequate." 787 F.3d at 1072-73 (internal quotation marks and brackets omitted). *See also Pub. Serv. Co. of N.M. v. Barboan*, 857 F.3d 1101, 1113-14 (10th Cir. 2017) ("When the applicant and an existing party share an identical legal objective, we presume that the party's representation is adequate.").

Since SUWA shares identical litigation objectives with the federal government, "we presume adequate representation." *Kane IV*, 94 F.4th at 1030 (citing *Bottoms* 797 F.2d at 872). That conclusion should have ended the inquiry. Instead, the opinion sidestepped this outcome with the novel conclusion that SUWA had to show identical ultimate motivations.

Even if we concluded that no presumption against intervention applied, the intervention applicants would bear the burden of establishing that the existing litigants did not adequately represent their interests. *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996). The majority opinion deviates from our precedent by concluding that *inadequacy* of intervention is presumed in certain cases.

Although the intervention applicant's burden is "minimal" and "[t]he possibility of divergence of interest need not be great" to satisfy this burden, we have always required applicants for intervention to make some factual showing of inadequacy. *Id.* "Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination." *Id.* at 841. For instance, we found that the United

9

States inadequately represented an intervenor's interest due to its reluctance to pursue certain claims, *see id.* at 845 (noting that the Department of the Interior's reluctance to protect the spotted owl suggested that its interests diverged from the intervenor's), its unwillingness to take a position on whether it would support the applicant's interest, *see Utah Ass'n of Cnties. v. Clinton*, 255 F.3d 1246, 1256 (10th Cir. 2001) (finding the United States' silence on whether it would represent the applicant's interest "deafening"), or its outright admission that it may not share the same interests as an intervenor, *see WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996-997 (10th Cir. 2009) (finding representation inadequate when government conceded that its interests could diverge from those of the objectors). We have never permitted a party to intervene in the absence of facts in the record showing that the existing parties would not continue to represent the applicant's interests.

The opinion departs from these precedents. In concluding that the United States inadequately represents SUWA's interests, the panel reasoned that since "SUWA's interests are not 'identical' to the United States' interests . . . no presumption of adequate representation applies." *Kane IV*, 94 F.4th at 1033. And since no presumption of adequate representation applied, and the case "rais[ed] significant public interests," intervention was permitted. *Id.* at 1033-1034. Almost all of our intervention precedents "raised significant public interests." *See Nat'l Farm Lines v. Interstate Com. Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977) (permitting intervention in a suit challenging the constitutionality of an Interstate Commerce Act provision); *Coal. of Ariz./N.M. Ctys.*, 100 F.3d at 845 (permitting intervention in a suit challenging the Fish and Wildlife Service's

classification of the spotted owl as threatened); *Utah Ass'n of Cnties.*, 255 F.3d at 1254–56 (permitting intervention in a suit challenging the establishment of Grant Staircase Escalante National Monument); *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002) (permitting intervention in a suit seeking vacatur of the Department of Transportation's approval of a regional transportation plan); *WildEarth Guardians*, 573 F.3d at 996-997 (10th Cir. 2009) (permitting intervention in a suit challenging the Forest Service's approval of plans for venting methane gas from a coal mine); *and Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1168–69 (10th Cir. 2017) (permitting intervention in suit challenging the Bureau of Land Management's policies for selling oil and gas leases). In each of these cases, we required intervention applicants to show that the existing parties did not adequately represent their interests.

In a departure from these precedents, the opinion cites no evidence in the record suggesting that the United States would fail to defend SUWA's interests. Instead, it creates a nebulous near-per se rule that whenever litigants seek to intervene in a case that "raises significant public interests"—whether it is a challenge to public policy, a dispute over public lands, or a regulatory enforcement suit—they may intervene in the suit without having to show that their interests diverge from those of the government. If a case "raises significant public interests," it will almost certainly affect private interests as well, leaving Rule 24(a)(2)'s last requirement as the only meaningful barrier against intervention.

The ultimate consequence of removing that barrier is to replace the Department of Justice, as sole representative of the United States' interests, with a coterie of private

11

attorneys general, each of whom could undermine the efficient resolutions of these cases. The net effect in this case is that every hiker, dirt-biker, four-wheeler, and land-use enthusiast can join the litigation if they satisfy minimal standing requirements.