SEAN D. REYES (USB #7969)
Utah Attorney General
STANFORD E. PURSER (USB #13440)
Utah Solicitor General
KATHY A.F. DAVIS (USB #4022)
Assistant Attorney General
JASON DEFOREST (USB #14628)
Assistant Attorney General
1594 West North Temple
Suite 300, Salt Lake City, UT 84114
(801) 538-9600
spurser@agutah.gov
kathydavis@agutah.gov
jdeforest@agutah.gov
*Attorneys for Plaintiff State of Utah*

TYLER R. GREEN (USB #10660)
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com
*Attorney for Plaintiff State of Utah*

D. DAVID DEWALD
Deputy Attorney General
Office of the Attorney General of Wyoming
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895
david.dewald@wyo.gov
*Attorney for Plaintiff State of Wyoming*

DANIEL SHAPIRO*
KATHLEEN S. LANE*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
daniel@consovoymccarthy.com
katie@consovoymccarthy.com
*Attorneys for Plaintiff State of Utah*

*\*Application for admission pro hac vice forthcoming*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, STATE OF WYOMING,<br><br>          Plaintiffs,<br><br>v.<br><br>DEB HAALAND, in her official capacity as the Secretary of the U.S. Department of the Interior; U.S. DEPARTMENT OF THE INTERIOR; TRACY STONE-MANNING, in her official capacity as the Director of the Bureau of Land Management; and U.S. BUREAU OF LAND MANAGEMENT,<br>          *Defendants.* | **PLAINTIFFS' MOTION TO STRIKE OR ALTERNATIVELY RESPOND TO PROPOSED INTERVENOR SOUTHERN UTAH WILDERNESS ALLIANCE'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No. 2:24-cv-00438<br><br>Judge David Barlow<br>Magistrate Judge Daphne A. Oberg |

Plaintiffs State of Utah and State of Wyoming (collectively "Plaintiffs") provide this response to Proposed Intervenors Southern Utah Wilderness Alliance, Conservation Lands Foundation, and the Wilderness Society's (collectively "SUWA") Notice of Supplemental Authority.

SUWA's Notice, filed pursuant to DUCivR 7-1(c), informs the Court of a recent decision from the Tenth Circuit, denying Utah's request for en banc review of a decision regarding intervention. *Kane Cnty. v. United States ("Kane IV")*, 84 F.4th 1017 (10th Cir. 2024)). However, DUCivR 7-1(c) is very clear that the notice must only contain a reference to the "page of the memorandum . . . to which the supplemental authority pertains; and the reasons why the supplemental authority is relevant." *The Notice cannot contain argument*. DUCivR 7-1(c)(1). SUWA's Notice ignores that requirement, asserting that the en banc denial "reconfirms the propriety of the [*Kane IV*] decision" and citing language taken directly from SUWA's reply memorandum that it deems relevant to its Motion.[1] For this reason alone, Plaintiffs request this Court strike SUWA's Notice as improper under local rules.

In the alternative, Plaintiffs request an opportunity to respond to the Notice as follows. First, the en banc denial does not confirm the "propriety" of the *Kane IV* decision regarding intervention. Instead, it merely evaluated a petition for en banc review based on the standard outlined by the Tenth Circuit. *See* 10th Cir. R. 35 ("En banc review is an extraordinary procedure intended to focus the entire court on an issue of exceptional public importance or on a panel decision that conflicts with a decision of the United States Supreme Court or of this court."). En banc denials have no precedential effect. SUWA fails to demonstrate how an evaluation of that standard is relevant to this Court's decision as to intervention. At best, the decision confirms that the *Kane IV* case will not be subject to further review. The supplemental authority should be limited accordingly.

Second, SUWA cherry picks language from the dissent to suggest that Judge Tymkovich agreed on the propriety of granting intervention in cases like the one before this Court. Judge Tymkovich vociferously argued that intervention should not have been granted in *Kane IV* because it is always a "highly fact-specific determination," and the Tenth Circuit has "never permitted a party to intervene" when the applicant has failed to demonstrate that the existing parties would not continue

---

[1] *Kane County v. United States*, No. 22-4087 (10th Cir. Sept. 3, 2024).

to represent their interests.[2] The context of Judge Tymkovich's dissent and the reasoning offered therein must be considered if the Court is inclined to consider SUWA's argument. In short, the Tenth Circuit's denial of a request for en banc review is not an endorsement of SUWA's request for intervention.

Dated: September 11, 2024

TYLER R. GREEN (USB #10660)
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com
*Attorney for Plaintiff State of Utah*

DANIEL SHAPIRO*
KATHLEEN S. LANE*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
daniel@consovoymccarthy.com
katie@consovoymccarthy.com
*Attorneys for Plaintiff State of Utah*

*\*Application for admission pro hac vice forthcoming*

Respectfully submitted,

/s/ J. DeForest
SEAN D. REYES (USB #7969)
Utah Attorney General
STANFORD E. PURSER (USB #13440)
Utah Solicitor General
KATHY A.F. DAVIS (USB #4022)
Assistant Attorney General
JASON DEFOREST (USB #14628)
Assistant Attorney General
1594 West North Temple
Suite 300, Salt Lake City, UT 84114
(801) 538-9600
spurser@agutah.gov
kathydavis@agutah.gov
jdeforest@agutah.gov
*Attorneys for Plaintiff State of Utah*

D. DAVID DEWALD
Deputy Attorney General
Office of the Attorney General of Wyoming
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895
david.dewald@wyo.gov
*Attorney for Plaintiff State of Wyoming*

---

[2] *Id.* at p. 9 (citing *Coal. Of Ariz./N.M. Ctys. For Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996).