UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH; and STATE OF WYOMING,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>DEB HAALAND, in her official capacity as the Secretary of the U.S. Department of the Interior; U.S. DEPARTMENT OF THE INTERIOR; TRACY STONE-MANNING, in her official capacity as the Director of the Bureau of Land Management; and U.S. BUREAU OF LAND MANAGEMENT,<br><br>　　　　　Defendants. | **SCHEDULING ORDER**<br><br><br>Case No. 2:24-cv-00438<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

The parties have filed a joint motion for entry of a scheduling order[1] pursuant to

DUCivR 7-4(c).  The motion is GRANTED and case deadlines are set forth below.

These deadlines may not be modified without the approval of the court and on a

showing of good cause pursuant to Fed. R. Civ. P. 6.

## I.    Statement of the Issues

The Parties agree that this case involves Plaintiffs' request for declaratory and

injunctive relief against Federal Defendants brought pursuant to the National

Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 et seq., the Federal Land and

---

[1] (Doc. No. 53)

Policy Management Act ("FLPMA"), 43 U.S.C. §§ 1701 et seq., and the Administrative

Procedure Act ("APA"), 5 U.S.C. §§ 704 et seq., and challenging BLM's issuance of the

Conservation and Landscape Health Final Rule, 89 Fed. Reg. 40,308 (May 9, 2024)

(commonly known and referred to herein as the "Public Lands Rule").  Plaintiffs'

Complaint includes two counts: 1) BLM's reliance on categorical exclusions outlined in

NEPA when evaluating the Public Lands Rule was arbitrary and capricious; and 2)

BLM's failure to analyze extraordinary circumstances associated with the Public Lands

Rule was arbitrary and capricious.  Federal Defendants deny that BLM's reliance on

categorical exclusions was arbitrary, capricious, or contrary to law.

The Parties agree that a stipulation to authenticity and foundation is not

appropriate because these cases are a challenge to an administrative agency action

and will be resolved on cross-motions for summary judgment without discovery or trial.

The Parties agree that these cases are not suitable for an alternative dispute

resolution ("ADR") program such as arbitration, mediation, or judicial settlement

conference at this time.

The Parties agree that these cases can be resolved without a trial.

**II.**   **Case Deadlines**

1.    <u>Indexed Administrative Record:</u> On or before **October 21, 2024**, Federal

Defendants shall file the Administrative Record. The Parties agree that the record shall

be filed and served on all counsel of record by Federal Defendants on a CD-ROM,

thumb drive, or other digital format, and include an index. Federal Defendants will

concurrently file a Notice of Filing of the Administrative Record via the Court's CM/ECF system.

      2.    <u>Objections to the Administrative Record:</u> On or before **November 21, 2024**, Plaintiffs shall notify Federal Defendants whether Plaintiffs believe the Administrative Record is complete or requires supplementation with additional materials.  Should a dispute arise regarding the completeness of the Administrative Record, the applicability of any exception to record review, or any asserted need for judicial review of extra-record materials, the Parties will attempt to negotiate a resolution.  If the Parties can informally resolve any disputes regarding the Administrative Record, Federal Defendants will lodge an amended version of the Administrative Record (if necessary) with the Court on or before **December 20, 2024**.  If the Parties are unable to resolve disputes involving the Administrative Record, the deadline for filing any motion to complete or supplement the record would be **December 5, 2024**.  Federal Defendants would file their response to any motion to complete or supplement the Administrative Record by **January 6, 2025**, and any replies would be filed by **January 13, 2025**.  If a motion to supplement or complete the Administrative Record is filed, the Parties will confer about whether they should move to stay the summary judgment briefing schedule set forth below.  If the Parties agree that the Administrative Record filed on **October 21, 2024**, is complete and that neither the filing of an amended Administrative Record nor motions practice regarding the Administrative Record are necessary, Federal Defendants will notify the Court of such on or before **November 22, 2024**.

3.      <u>Motions for Summary Judgment:</u> Plaintiffs' Motion for summary judgment and associated and supporting documentation shall be filed on **January 9, 2025**. Federal Defendants' opposition to Plaintiffs' Motion for summary judgment and any cross-motion for summary judgment and associated and supporting documentation shall be filed on or before **February 20, 2025**.  Plaintiffs' reply in support of motion for summary judgment and oppositions to any cross-motions for summary judgment shall be filed on or before **March 24, 2025**.

DATED this 26th day of September, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

4