THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STATE OF UTAH, et al.,<br><br>                  Plaintiffs,<br><br>v.<br><br>DEB HAALAND, in her official capacity as the Secretary of the U.S. Department of the Interior, et al.,<br><br>                  Defendants.<br><br>and,<br><br>SOURTHERN UTAH WILDERNESS ALLIANCE, CONSERVATIONLANDS FOUNDATION, and THE WILDERNESS SOCIETY<br><br>                  Proposed Defendant-Intervenors. | **MEMORANDUM DECISION AND ORDER GRANTING [28] MOTION TO INTERVENE**<br><br>Case No. 2:24-cv-00438-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Proposed Intervenors Southern Utah Wilderness Alliance, Conservation Lands Foundation, and The Wilderness Society's (collectively, "SUWA Groups") Motion to Intervene ("Motion").[1] For the reasons stated, the court grants the Motion.

## BACKGROUND

This case involves a challenge to the Bureau of Land Management's ("BLM") recently finalized Conservation and Landscape Health Rule ("Rule"). The Rule states that it

> applies land health standards to all BLM-managed public lands and uses, codifies conservation tools to be used within FLPMA's multiple-use framework, and revises

---

[1] Motion to Intervene and Mem. in Support ("Mot."), ECF No. 28, filed July 25, 2024.

1

existing regulations to better meet FLPMA's requirement that the BLM prioritize designating and protecting areas of critical environmental concern (ACECs). The rule also provides an overarching framework for multiple BLM programs to facilitate ecosystem resilience on public lands.[2]

Plaintiffs Utah and Wyoming allege that BLM violated the National Environmental Policy Act ("NEPA") when finalizing the Rule by circumventing certain procedural requirements.[3] In consequence, the Plaintiffs bring two claims against a group of federal defendants.[4] The relief sought by Plaintiffs include " a declaration that the . . . Rule is arbitrary and capricious," "vacatur of the . . . Rule," and "a preliminary and permanent injunction barring enforcement of the . . . Rule."[5]

The SUWA Groups consist of environmental advocacy organizations that have worked "to conserve remaining wild places in Utah, Wyoming[,] and across the western United States."[6] The organizations each have a history of engaging with BLM's decision-making process and advocating for the preservation, protection, and restoration of public lands.[7] Each of the groups worked to garner support for the Rule by taking actions such as submitting comments and

---

[2] Conservation and Landscape Health 89 Fed. Reg. 40308 (June 10, 2024) (to be codified at 43 CFR pts. 1600 and 6100).
[3] Compl., ECF No. 1, filed June 18, 2024.
[4] *Id.* The Defendants consist of Deb Haaland, in her official capacity as the Secretary of the U.S. Department of the Interior; U.S. Department of the Interior; Tracy Stone-Manning, in her official capacity as BLM Director; and the U.S. Bureau of Land Management (collectively, "Federal Defendants"). *Id.*
[5] *See id*. ¶ 156.
[6] Mot. 2; Decl. of Robert Mason ("Mason Decl.") ¶ 5, ECF No 28-3, filed July 25, 2024 ("The Wilderness Society is a national non-profit membership organization" that has "led the effort to permanently protect nearly 112 million acres of wilderness and to ensure sound management of our shared national lands."); Decl. of Charlotte Overby ("Overby Decl.") ¶ 16, ECF No. 28-2, filed July 25, 2024 ("[Conservation Lands Foundations] is a nonprofit organization that promotes environmental stewardship by advocating for the National Landscape Conservation System . . . to preserve open space, cultural sites and wilderness."); Decl. of Ray Bloxham ("Bloxham Decl.") ¶ 6, ECF No. 28-1, filed July 25, 2024 (explaining that SUWA is "a non-profit environmental organization dedicated to the sensible management of public lands within the state of Utah").
[7] Mason Decl. ¶ 5 (stating that it "has long advocated for conservation of BLM public lands and for administrative tools to achieve those objectives"); Overby Decl. ¶¶ 21–24 (providing examples of Conservation Land Foundations' previous work involving BLM); Bloxham Decl. ¶ 6 (stating that SUWA "advocates for the conservation of Utah's remaining wild lands through engagement with BLM's various decision-making processes").

attending public meetings.[8] Each group states that it intends to rely on the Rule for future environmental advocacy.[9]

The Plaintiffs filed the lawsuit on June 18, 2024,[10] and a Motion for Preliminary Injunction on July 11, 2024.[11] The SUWA Groups filed the instant Motion to Intervene on July 25, 2024.[12] Plaintiffs oppose the Motion.[13] The Federal Defendants take no position.[14] The motion is fully briefed and ready for decision.[15]

## STANDARD

Under Federal Rule of Civil Procedure 24(a)(2), the "court must permit" a party to intervene as of right if (1) the application is timely, (2) the movant "claims an interest relating to the property or transaction that is the subject of the action," (3) "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," and (4) the movant's interest is not adequately represented by the existing parties.[16] The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene."[17]

---

[8] Mason Decl. ¶ 9 (explaining that The Wilderness Society actively participated in the administrative process by establishing a formal campaign team and submitting comments in support of the Rule); Overby Decl. ¶¶ 26–35 (explaining Conservation Land Foundations' work with the Rule); Bloxham Decl. ¶ 14 (explaining that SUWA "timely comment[ed] on BLM's proposed [Rule]").
[9] Overby Decl. ¶ 33 ("CLF intends to rely on the authorities and opportunities created under the [Rule]."); Mason Decl. ¶ 12 ("Ultimately, TWS intends to use the new rule [in its advocacy]."); Bloxham Decl. ¶ 18 (explaining that the Rule "establishes a framework that . . . [SUWA] plans to use").
[10] *See* Compl.
[11] Mot. and Mem. in Support of Pls.' Mot. for a Stay Under 5 U.S.C. 705 or for a Preliminary Injunction, ECF No. 18, filed July 11, 2024.
[12] *See* Mot.
[13] Mem. in Opp'n to SUWA Groups' Mot. to Intervene ("Opp'n"), ECF No. 41, filed Aug. 8, 2024.
[14] Mot. 1.
[15] *See* Mot.; Opp'n; Reply in Support of Mot. to Intervene ("Reply"), ECF No. 42, filed Aug. 14, 2024. Oral argument is not necessary to resolve these motions. *See* DUCivR 7-1(g).
[16] Fed. R. Civ. P. 24(a)(2); *see also Kane Cnty, Utah v. United States*, 94 F.4th 1017, 1029–30 (10th Cir. 2024).
[17] *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

## DISCUSSION

The SUWA Groups argue that they satisfy each of the four requirements to intervene as of right.[18] Each requirement is taken in turn.

### I. Timeliness of Motion to Intervene

To intervene as a matter of right, the SUWA Groups must show that the Motion is timely. The SUWA Groups argue the Motion is timely because they filed it shortly after Plaintiffs filed their Complaint and Motion for Preliminary Injunction.[19] Plaintiffs do not dispute the timeliness of the Motion.[20]

The timeliness of a motion to intervene is assessed "in light of all the circumstances."[21] "[T]hree non-exhaustive factors are 'particularly important'" in this determination: "(1) the length of time since the movants knew of their interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movants."[22]

Plaintiffs filed the instant action on June 18, 2024, and a Motion for Preliminary Injunction on July 11, 2024. The SUWA Groups moved to intervene on July 25, 2024, roughly five weeks after Plaintiffs filed the Complaint and only two weeks after Plaintiffs filed the Motion for Preliminary Injunction. There is no indication, and the Plaintiffs do not argue, that the timing of the Motion prejudices them. Accordingly, the SUWA Groups' Motion is timely.

---

[18] The SUWA Groups only argue that they are permitted to intervene as a matter of right. *See generally* Mot.
[19] *Id.* at 3.
[20] Opp'n 4.
[21] *Zinke*, 877 F.3d at 1164.
[22] *Id.*

## II. The SUWA Group's Interest in the Subject of the Action

Next, to intervene as of right, the SUWA Groups must "claim[] an interest relating to the property or transaction that is the subject of the action."[23]

The SUWA Groups argue that they have a legally protectable interest in the conservation of BLM-managed public lands.[24] The SUWA Groups point to their history of working to conserve BLM-managed land and engaging with BLM's decision-making process.[25] Plaintiffs do not dispute that the SUWA Groups have an interest in the action.[26]

Whether a movant has "an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination."[27] "The interest of the intervenor is not measured by the particular issue before the court but is instead measured by whether the interest the intervenor claims is related to the property that is the subject of the action."[28] It is "indisputable that a prospective intervenor's environmental concern is a legally protectable interest."[29] An environmental group's "'record of advocacy' for the protection of public lands" and a 'demonstrated concern for the damage to public lands'" can constitute an interest supporting intervention as of right.[30]

The Rule "applies land health standards to all BLM-managed public lands."[31] The SUWA Groups have an interest in BLM-managed land given the groups' history of advocacy

---

[23] Fed. R. Civ. P. 24(a)(2).
[24] Mot. 3.
[25] *Id.* at 3–4.
[26] Opp'n 4.
[27] *Zinke*, 877 F.3d at 1165.
[28] *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1252 (10th Cir. 2001) (emphasis omitted).
[29] *Zinke*, 877 F.3d at 1165.
[30] *Id.* (quoting *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of the Interior*, 100 F.3d 837 (10th Cir. 1996)).
[31] Conservation and Landscape Health 89 Fed. Reg. 40308 (June 10, 2024) (to be codified at 43 CFR pts. 1600 and 6100).

and involvement in working to conserve these lands. Therefore, the SUWA Groups have a legally protectable interest in the action.

### III. Whether the SUWA Group's Interests will be Impaired or Impeded

To intervene as of right, the SUWA Groups must show that "disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest."[32]

The SUWA Groups argue that their "ability to achieve the conservation . . . of public lands may be impaired if the Court reverses, vacates, sets aside, or enjoins the Rule."[33] The SUWA Groups submitted declarations stating that the groups intend to use the Rule as a means to protect public lands, and were the Rule to be vacated, set aside, or enjoined, it would "eliminate tools they intend to use to achieve protection and restoration of public lands."[34]

Plaintiffs respond that this litigation will not impair the SUWA Groups' interests.[35] First, Plaintiffs argue that the SUWA Groups' "asserted interests in support of intervention relate entirely to their advocacy for conservation on public lands."[36] Plaintiffs distinguish their procedural challenge from a challenge to the implementation of the Rule, saying that the SUWA Groups' "implementation-level concerns are irrelevant" and the SUWA Groups do not have "an independent interest in the resolution of [the] procedural claim."[37]

Second, Plaintiffs say that a ruling in Plaintiffs' favor would "not necessarily eliminate the 'conservation tools' SUWA associates with the Rule."[38] Plaintiffs reason that "[i]f the Rule

---

[32] Fed. R. Civ. P. 24(a)(2).
[33] Mot. 5.
[34] *Id.* at 4–6.
[35] *See* Opp'n 4–6.
[36] *Id.* at 5.
[37] *Id.* at 5–6.
[38] *Id.* at 5.

6

only provides environmental benefits, as SUWA suggests, further NEPA review would not result in the substantive changes outlined in SUWA's briefing."[39]

Proving that an interest will be impaired or impeded is "a minimal burden."[40] Courts look at the issue of impairment "as a practical matter," and "the court is not limited to consequences of a strictly legal nature."[41] This element is met when the "would-be intervenor . . . show[s] only that impairment of its substantial legal interest is *possible* if intervention is denied."[42] Accordingly, a movant satisfies this element "in environmental cases where the district court's decision would require the federal agency to engage in an additional round of administrative planning and decision-making that itself might harm the movants' interests, even if they could participate in the subsequent decision-making."[43]

The SUWA Groups seek to protect their interest in conserving public lands.[44] Thus, the issue is whether the disposition of this action may "possibly" impair or impede the SUWA Groups' ability to protect this interest.

The relief sought by Plaintiffs includes "a declaration that the . . . Rule is arbitrary and capricious," "vacatur of the Final Rule," and "a preliminary and permanent injunction barring enforcement of the . . . Rule."[45] If Plaintiffs are successful, the SUWA Groups would lose their ability to rely on the Rule to further their interest in conserving public lands.

---

[39] *Id.*
[40] *Zinke*, 877 F.3d at 1167 (quoting *WildEarth Guardians*, 604 F.3d 1192, 1199 (10th Cir. 2010)).
[41] *Utah Ass'n of Counties*, 255 F.3d at 1253 (quoting *Natural Res. Def. Council v. United States Nuclear Regul. Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)).
[42] *Id.* at 1252 (emphasis added).
[43] *Zinke*, 877 F.3d at 1167.
[44] Mot. 5.
[45] *See* Compl.

As noted earlier, Plaintiffs focus on the procedural nature of their NEPA challenge by stating that the SUWA Groups' "implementation-level concerns are irrelevant" and even if Plaintiffs' were to succeed, it would only result in further NEPA review.[46]

However, Federal Rule of Civil Procedure 24 requires the court to focus on whether "disposing of the action may as a practical matter impair or impede" the SUWA Groups' interests.[47] That is, Rule 24 focuses on whether the outcome of the action would impede a movant's interests, not whether the movant has an interest in the means used to reach that outcome. Here, the outcome of the action could impede the SUWA Groups' interests in protecting public lands because it could prevent them from using the Rule.

Regarding Plaintiffs' argument that the action would only result in further NEPA review, it is well established that a party meets the third element of Rule 24(a)(2) "in environmental cases where the district court's decision would require the federal agency to engage in an additional round of administrative planning and decision-making that itself might harm the movants' interests, even if they could participate in the subsequent decision-making." Here, the result of further NEPA review is uncertain, and Plaintiffs would lose their ability to use the Rule to protect their interests while further NEPA review is ongoing.

For the foregoing reasons, the SUWA Groups have met the "minimal burden" of showing it is "possible" that "disposing of the action may as a practical matter impair or impede [the SUWA Groups'] ability to protect its interest."[48]

---

[46] Opp'n 5–6.
[47] Fed. R. Civ. P. 24(a)(2).
[48] *See Zinke*, 877 F.3d at 1167; *Utah Ass'n of Counties*, 255 F.3d at 1252; Fed. R. Civ. P. 24(a)(2).

### IV. Ability of Existing Parties to Adequately Represent the SUWA Group's Interests

To intervene as of right, the SUWA Groups must demonstrate that the existing parties do not adequately represent their interests.[49] "[A]n applicant for intervention as of right bears the burden of showing inadequate representation."[50] However, "that burden is the 'minimal' one of showing that representation 'may' be inadequate."[51]

Plaintiffs and the SUWA Groups dispute whether the SUWA Groups and Federal Defendants have the same interests and whether the Federal Defendants interests may change throughout the course of the litigation.

The SUWA Groups argue that the Federal Defendants may not adequately represent their interest because the Federal Defendants are "required by law to balance competing uses of the public lands across the nation," whereas the SUWA Groups "are focused exclusively on the conservation and protection of wild and intact public lands in . . . the western United States."[52] As an example of not being fully aligned with the Federal Defendants' interests, the SUWA Groups point out that "BLM did not adopt many of the SUWA Groups' various comments and proposals to strengthen the rule."[53] The SUWA Groups cite *Utah Association of Counties v. Clinton* ("*UAC*")[54] and *Western Energy Alliance v. Zinke*[55] for support.

Plaintiffs argue that the Federal Defendants and the SUWA Groups have an identical interest in "preserving the Rule, as drafted, without engaging in NEPA analysis."[56] Accordingly,

---

[49] Fed. R. Civ. P. 24(a)(2).
[50] *Utah Ass'n of Counties*, 255 F.3d at 1254.
[51] *Id.*
[52] Mot. 6.
[53] *Id.* at 7.
[54] 255 F.3d 1246 (10th Cir. 2001).
[55] 877 F.3d 1157 (10th Cir. 2017).
[56] Opp'n 7.

Plaintiffs state, the court should presume that the Federal Defendants adequately represent the SUWA Groups' interests.[57] Plaintiffs also argue that the SUWA Groups' reliance on *UAC* and *Zinke* are misplaced because those cases are distinguishable.[58]

"When a would-be intervenor's and the representative party's interests are 'identical,' [courts] presume adequate representation."[59] "But 'this presumption applies only when interests overlap fully.'"[60] When a would-be intervenor's interests are "similar to, but not identical with, that of one of the [existing] parties, that normally is not enough to trigger a presumption of adequate representation."[61] When the government "take[s] no position on the motion to intervene . . . [i]ts silence on any intent to defend the [intervenors'] special interests is deafening."[62]

The Federal Defendants take no position on the Motion and have not conveyed any intent to defend the SUWA Groups' interests. Applying Tenth Circuit precedent by which this court is bound, the court finds that the Federal Defendants' silence suggests their position is not fully aligned with the SUWA Groups. Additionally, it is undisputed that the BLM did not adopt various of the SUWA Groups' suggestions about the rule, which again implies differences.

Finally, the Federal Defendants are generally tasked "with "litigating on behalf of the general public . . . [and] consider[ing] a broad spectrum of views."[63] In contrast, the SUWA

---

[57] *Id.* at 6–7. Plaintiffs cite *San Juan County, Utah v. United States* for the proposition that "[c]ourts adopt a 'presumption that representation is adequate when the *objective* of the [proposed intervenor] is identical to that of [the United States].'" 503 F.3d 1163, 1204 (10th Cir. 2007) (plurality opinion) (emphasis added). However, *Kane County, Utah v. United States* counsels that "[a]t bottom, the pertinent inquiry is not whether [the parties] are pursuing the same relief . . . but instead is whether they have identical interests in pursuing that relief." 94 F.4th at 1032.
[58] Opp'n at 7–10.
[59] *Kane Cnty, UT v. United States*, 94 F.4th 1017, 1030 (10th Cir. 2024).
[60] *Id.*
[61] *Id.* (internal quotations omitted).
[62] *Id.*
[63] *Utah Ass'n of Counties*, 255 F.3d at 1256.

10

Groups' focus is exclusively on conservation and protection of land in the western United States in accordance with its members' views, a much narrower subset than that of the Federal Defendants.

Considering all the foregoing together, the court finds on this record that the Federal Defendants and the SUWA Groups do not have identical interests, and under controlling Tenth Circuit authority, it is not appropriate to presume adequate representation, as Plaintiffs suggest.

Plaintiffs argue that the SUWA Groups and Federal Defendants have an identical interest in "preserving the Rule, as drafted, without engaging in NEPA analysis."[64] Interests "generally cannot be assumed to be identical . . . merely because both entities occupy the same posture in the litigation."[65] Under the most recent Tenth Circuit precedent, the shared litigation objective alone is insufficient to find identical interests.[66]

The parties also disagree about the effect of the Tenth Circuit's decisions in *Zinke* and *UAC*. These cases support the conclusion that the Federal Defendants may not adequately represent the SUWA Groups' interests. In *UAC*, the plaintiffs sued a group of federal defendants, challenging a presidential proclamation establishing a national monument.[67] And in *Zinke*, a non-profit trade organization brought suit against several federal entities challenging certain of BLM's actions.[68] Environmental organizations moved to intervene in both cases.[69]

---

[64] Opp'n 7.
[65] *Utah Ass'n of Counties*, 255 F.3d at 1255.
[66] *Kane Cnty, UT v. United States*, 94 F.4th at 1032-34. *But See Kane Cnty, UT v. United States*, 113 F.4th 1290, 1292-93 (explaining the importance of shared litigation objective to the intervention analysis) (J. Tymkovich, dissenting from en banc petition denial).
[67] *Id.* at 1248.
[68] *Zinke*, 877 F.3d at 1158.
[69] *Id.* at 1561; *Utah Ass'n of Counties*, 255 F.3d at 1248.

The Tenth Circuit determined the federal defendants in *Zinke* and *UAC* would not adequately represent the would-be intervenors' interests.[70] The Tenth Circuit reasoned that while the federal government is tasked with representation of the public interest generally, the intervenors had a more particular interest.[71]

Plaintiffs argue that *UAC* and *Zinke* are distinguishable because here, Plaintiffs "are seeking a binary, procedural determination—the BLM failed to conduct the necessary environmental review required by NEPA."[72] Because Plaintiffs are challenging the Rule procedurally, according to Plaintiffs, "the Federal Defendants are not defending the public's interest in the substance of the Rule—they are defending the adequacy of their NEPA determination, a procedural obligation belonging solely to the Federal Defendants."[73]

Plaintiffs' attempt to distinguish *UAC* and *Zinke* is unpersuasive. Only months ago, the Tenth Circuit emphasized that "the pertinent inquiry is not whether [the SUWA Groups] and the [Federal Defendants] are pursuing the same relief . . . but instead is whether they have identical interests in pursuing that relief."[74] As noted earlier, the Federal Defendants have taken no position on intervention and are silent "on any intent to defend the [intervenors'] special interests."[75] Nor is there any dispute that the prelitigation positions of the SUWA Group and the

---

[70] *Id.* at 1254–56; *Zinke*, 877 F.3d at 1168–69.
[71] *Id.* at 1168; *Utah Ass'n of Counties*, 255 F.3d at 1255–56.
[72] Opp'n 7.
[73] *Id.*
[74] *Kane Cnty., UT v. United States*, 94 F.4th at 1032.
[75] *Utah Ass'n of Counties*, 255 F.3d at 1256.

12

Federal Defendants was not fully aligned. On this record, the Federal Defendants and the SUWA Groups have different interests.[76]

## ORDER

For the reasons stated, the court grants the Motion to Intervene.[77]

Signed October 23, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

[76] Because the court concludes that the SUWA Groups and Federal Defendants have different interests, the court does not address whether there is a risk that the Federal Defendants' position may change given the upcoming elections. *See* Mot. 6–7; Opp'n 9.

[77] ECF No. 28.