LISA LYNNE RUSSELL
Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

LUTHER L. HAJEK
SHANNON BOYLAN
United States Department of Justice
Environment and Natural Resources Division
999 18th St.
South Terrace – Suite 370
Denver, CO 80202
Tel: 303-844-1376 / Fax: 303-844-1350
luke.hajek@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, *et al.*, | ) Case No. 2:24-cv-438-DBB-DAO |
| | ) Honorable David Barlow |
| Plaintiffs, | ) Magistrate Judge Daphne A. Oberg |
| | ) |
| v. | ) |
| | ) **DEFENDANTS' UNOPPOSED** |
| U.S. DEPARTMENT OF THE | ) **MOTION FOR STAY** |
| INTERIOR, *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| SOUTHERN UTAH WILDERNESS | ) |
| ALLIANCE, *et al.*, | ) |
| | ) |
| Defendant-Intervenors. | ) |
| _____ | ) |

Defendants U.S. Department of the Interior *et al.* respectfully move to stay these

proceedings for sixty days to allow new administration officials to evaluate the litigation and

determine how they wish to proceed.  At the close of the sixty-day period, the parties would file a

status report indicating how the parties intend to move forward.  Defendants' counsel has contacted counsel for the parties, and no party opposes this motion.

This case challenges the Conservation and Landscape Health Rule, 89 Fed. Reg. 40,308 (May 9, 2024) ("Public Lands Rule").  Plaintiffs allege that the U.S. Bureau of Land Management ("BLM") violated the National Environmental Policy Act in promulgating the rule and filed a Motion for a Preliminary Injunction, ECF No. 18.  Since then, Plaintiffs filed an opening merits brief pursuant to District of Utah Local Civil Rule 7-4(c).  *See* ECF No. 62. Defendants' merits brief is due February 20, 2025, Intervenor-Defendants' merits brief is due March 7, 2025, and Plaintiffs' reply is due April 7, 2025.  *See* Amended Scheduling Order at 4, ECF No. 65.

Courts have broad discretion to stay proceedings and to defer judicial review in the interest of justice and efficiency.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388 (D.C. Cir. 2012) (premature and unnecessary judicial review "would hardly be sound stewardship of judicial resources").

Due to the recent change in administration on January 20, 2025, there is new leadership at the U.S. Department of the Interior.  Those new officials are in the process of familiarizing themselves with the Public Lands Rule and the litigation regarding the rule.  To provide new leadership with sufficient time to familiarize themselves with these issues and to determine how they wish to proceed, the government respectfully requests that the Court stay these proceedings

1

for sixty days.  At the end of the sixty day period, the parties would file a status report indicating

how the parties intend to proceed.

A proposed order is attached hereto.

Respectfully submitted this 31st day of January 2025.

LISA LYNNE RUSSELL
Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*/s/ Luther L. Hajek*
LUTHER L. HAJEK
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
999 18th St.
South Terrace – Suite 370
Denver, CO 80202
Tel: 303-844-1376 / Fax: 303-844-1350
luke.hajek@usdoj.gov

*Attorneys for Defendants*

2